UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CORALIA C. BOUDREAUX, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 4:25-CV-1070-ZMB |
| EDWARD D. JONES & CO., L.P., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Edward D. Jones & Co., L.P.'s motion to compel arbitration, Doc. 10, and self-represented Plaintiff Coralia C. Boudreaux's motions to appoint counsel and for a hearing, Docs. 13, 18. Because the parties entered into an agreement with a valid delegation clause, the Court stays this litigation pending the completion of arbitration.

## BACKGROUND

### I. Factual Background

Boudreaux previously worked as a financial advisor at Edward Jones. Doc. 1 at 5. As a term of her employment, she was required to sign an employment contract. *See* Doc. 11–1 at ¶ 5. The contract Boudreaux signed provides that:

> any dispute, claim or controversy arising between you and Edward Jones or any present or former employee, agent, officer, director, affiliate, or partner of Edward Jones shall be resolved by arbitration . . . [t]he arbitrator(s) shall have the sole authority and competence to resolve any disputes about the formation, existence, enforceability, validity, or arbitrability of this arbitration agreement.

*Id.* at 6. In November 2024, Boudreaux's then-assistant filed a purportedly false complaint stating that Boudreaux used a racial slur. Doc. 1 at 6. A couple of days later, Edward Jones fired Boudreaux after accepting the assistant's account. *Id.* Boudreaux accuses Edward Jones of discrimination on the basis of race and national origin under Title VII of the Civil Rights Act of 1964. *Id.* at 1, 5.

## II. Procedural Background

Boudreaux filed her complaint in July 2025, along with an Application to Proceed in District Court Without Prepaying Fees and Costs, and a Motion to Appoint Counsel. Docs. 1–3. The same day, the Court granted Boudreaux's Application and denied her motion for counsel. Doc. 4. Shortly after receiving service, Edward Jones filed a motion to compel arbitration. Docs. 6, 10. After full briefing, that motion is now ripe for resolution. Docs. 16–17. Boudreaux also refiled her Motion to Appoint Counsel, Doc. 13, and later moved for a hearing. Doc. 18.

## LEGAL STANDARD

The Court's analysis is guided by the overarching presumption in favor of arbitration embodied in the Federal Arbitration Act (FAA). 9 U.S.C. § 2 ("A written provision in . . . a contract . . . to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."). The Eighth Circuit has recognized that "the FAA establishes a 'liberal federal policy favoring arbitration agreements.'" *Lenz v. Yellow Transp., Inc.*, 431 F.3d 348, 351 (8th Cir. 2005) (citation omitted). Further, "[a] motion to compel arbitration must be granted if a valid arbitration clause exists which encompasses the dispute between the parties." *M.A. Mortenson Co. v. Saunders Concrete Co.*, 676 F.3d 1153, 1156–57 (8th Cir. 2012) (quotation omitted). If the arbitration clause contains a "delegation" provision (deferring to the arbitrator questions of arbitrability or validity of the contract), then a court "possesses no power to decide the arbitrability issue." *Henry Schein, Inc. v. Archer & White Sales*, 586 U.S. 63, 68 (2019) (citation omitted). "Thus, a challenging party in arbitration disputes must attack the specific arbitration provision sought to be enforced." *M.A. Mortenson Co.*, 676 F.3d at 1157. "[T]he party resisting arbitration bears the burden of showing [] that the arbitration provision is invalid . . . ." *H&T Fair Hills, Ltd. v. All. Pipeline L.P.,* 76 F.4th 1093, 1099 (8th Cir. 2023) (citations omitted).

## DISCUSSION

Boudreaux fails to meet her burden of proving that the arbitration provision is invalid. *See id.* In her opposition, she does not contest that she accepted a contract containing an arbitration clause with a delegation provision. Instead, she makes numerous arguments concerning the unconscionability of the arbitration provision as a whole. Doc. 16 at 3–7. However, when a delegation provision exists, a Court's inquiry is limited to specific attacks on the delegation provision. *Rent-A-Ctr. v. Jackson*, 561 U.S. 63, 72 (2010); *see Shockley v. PrimeLending*, 929 F.3d 1012, 1018 (8th Cir. 2019) ("If not challenged directly, we presume the delegation provision is valid, and, as a result, antecedent questions such as an arbitration contract's validity will go to the arbitrator."). Boudreaux fails to specifically attack the delegation provision. As a result, the Court must treat the delegation provision as valid under section 2 of the FAA, and any challenge to the validity of the arbitration agreement—whether it covers an employment-discrimination claim or the validity and enforceability of the employment contract as a whole—must be decided by the arbitrator.

## CONCLUSION

Accordingly, the Court **GRANTS** Defendant Edward Jones & Co, L.P.'s [10] motion to compel arbitration and **STAYS** this case pending the completion of arbitration. The parties must notify the Court of the result of arbitration within 7 days of completion. Further, the Court **DENIES** as moot Plaintiff Coralia C. Boudreaux's [13] Motion to Appoint Counsel and [18] Motion for Hearing.

So ordered this 28th day of January 2026.

                                                                                        _____
                                                                                        ZACHARY M. BLUESTONE
                                                                                        UNITED STATES DISTRICT JUDGE